PER CURIAM.
The former wife appeals from a final judgment of dissolution of marriage, contending that the trial court erred in setting aside the parties’ marital settlement agreement. The trial court found the agreement to be vague in that it did not fully address the issue of marital debts and that a part of the agreement pertaining to the filing of the parties’ tax returns violated public policy. We conclude that the marital settlement agreement is valid and that the former wife is entitled to have it incorporated into the final judgment.
By the terms of the agreement, the former wife was to transfer real property owned by the parties to the former husband, and he was to pay her $350,000 in four installments over the course of the next two years. Additionally, the agreement provided that the former husband would pay the former wife $3,000 per month in temporary alimony and that he would pay attorney fees and costs. The wife successfully sought to enforce parts of the agreement on several occasions before the final hearing. The court enforced the spousal support provision by contempt and, at that time, the validity of the agreement was not called into question.
Prior to the final hearing, the former husband filed a motion for relief from the marital settlement agreement. He argued that the agreement was invalid because it did not take into account the marital debts. The trial judge agreed with the former husband and held that the marital settlement agreement violated public policy because it failed to assign responsibility for the payment- of marital debt. It further ruled that a provision in the agreement relieving the former wife of her obligation to sign the parties’ tax returns for years 2006 and 2007 was void for vagueness because it did not expressly state that she was not responsible for the marital debt.
*22 As the former wife argues on appeal, there was no evidence to suggest that the agreement was produced by fraud. Nor was there any allegation that the parties were misled by any misrepresentation regarding a financial issue. If parts of the agreement appear to be vague, the court can interpret the agreement to give effect to the intent of the parties. If the part of the agreement pertaining to the tax returns violates public policy, the court can correct the defect by declaring that part invalid and requiring the former wife to sign the tax returns. There was no need to declare the entire agreement invalid.
The most that the former husband could argue about the marital settlement agreement is that it leaves some issues open for resolution by the court. But that is not a reason to invalidate other parts of the agreement. Rule 12.740(f)(1) of the Florida Family Law Rules of Procedure provides in pertinent part that “if agreement is reached as to any matter or issue ... the agreement shall be reduced to writing, signed by the parties and their counsel.” (Emphasis added) If the agreement is not one that requires prior court approval, and this one was not, it is binding on the parties under rule 12.740(f)(2) “upon filing” with the court. These rules plainly provide that the court will give effect, when possible, to an agreement that resolves some, but not all, of the issues in the case.
In the present case, the parties settled all of the major issues pertaining to the distribution of their property. The agreement should not fail merely because a single provision is unclear or because some issues remain to be litigated. This would be contrary to the plain language of rule 12.740(f)(1) and the general policy of promoting settlements in family law cases. A rule that a settlement agreement must resolve all issues or it is unsuccessful in resolving any of them would be inconsistent with this objective.
For these reasons, we reverse the final judgment with instructions to incorporate the terms of the agreement the parties made for themselves. If the court cannot discern the intent of the parties regarding the marital debts, it can resolve that issue giving due regard for the existing agreement the parties made with respect to the distribution of their property.
Reversed.
DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.